1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9
10

| | |
|---|---|
| CH2O, Inc., a Washington corporation, | CASE NO. C11-5153RJB |
| Plaintiff, | ORDER ON DEFENDANTS' MOTION TO DISMISS, STAY, OR IN THE ALTERNATIVE, TRANSFER VENUE AND JURISDICTION TO THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA |
| v. | |
| RICH BERNIER and "JANE DOE" BERNIER, both individually and as the marital community comprised thereof, and JAY SUGHROUE, an individual, | |
| Defendant. | |

17
18

    This matter comes before the court on defendants' Motion to Dismiss, Stay, or in the

19

Alternative, Transfer Venue and Jurisdiction to the United States District Court, Northern

20

District of California. Dkt. 6. The court has reviewed the relevant documents and the remainder

of the file herein.

21
22

## **RELEVANT FACTS**

    The following facts are alleged in the complaint, and/or are uncontested. The factual

23

findings are for the purpose of this motion only.

24

ORDER ON DEFENDANTS' MOTION TO
DISMISS, STAY, OR IN THE ALTERNATIVE,
TRANSFER VENUE AND JURISDICTION TO
THE UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA- 1

1    CH2O is a Washington corporation with its principal place of business in Thurston

2  County, Washington.  CH2O is engaged in the business of developing, formulating,

3  compounding, processing, manufacturing, and selling a variety of chemical products and related

4  equipment and services.  Dkt. 8, at 10;Dkt. 9, at 8.  CH2O is registered to do business in the State

5  of California, and employs California residents to market and sell its products to California

6  agricultural businesses and to service its California accounts.  Dkt 8, at 4-5.

7    In March of 2007, defendant Rich Bernier was hired to sell and service accounts within

8  the agricultural industry in California.  Dkt. 8, at 4.  In December of 2009/January of 2010,

9  defendant Jay Sughroue was hired as a sales representative covering the southern California area.

10  Dkt. 9, at 2.

11    On March 6, 2007, Mr. Bernier signed an employment agreement with CH2O.  Dkt. 8, at

12  15.  On December 2, 2009, defendant Jay Sughroue signed an employment agreement with

13  CH20.  Dkt. 9, at 2-3.  The employment agreements signed by Mr. Bernier and Mr. Sughroue

14  included a provision that prohibited them, among other things, from being "employed by any

15  business of a similar nature to that of the Company which is in competition with the

16  Company…in the United States or Internationally…" for three (Mr. Bernier) or two  (Mr.

17  Sughroue) years.  Dkt. 8, at 12-13; Dkt. 9, at 11.  The employment agreement also provided that

18  the employee "shall not, during the term of this agreement and for the time period and

19  geographical areas specified in paragraph 6(a) above, solicit or sell the same or similar products

20  or services as are sold by the Company to any of the Company's regular customers."  Dkt. 8, at

21  13; Dkt. 9, at 11.  Further, the employment agreement provided that the employee "agrees that

22  he/she will not, at any time nor in any manner, use in competition with the Company or divulge,

23  disclose, or communicate to any person or entity any of the Company's confidential

24  ORDER ON DEFENDANTS' MOTION TO
DISMISS, STAY, OR IN THE ALTERNATIVE,
TRANSFER VENUE AND JURISDICTION TO
THE UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA- 2

1  information." Dkt. 8, at 13; Dkt. 9, at 11.  The employment agreement at issue also contained

2  the following provision:

3       14.  This agreement shall be construed in accordance with and governed for all purposes
        by the laws of the state of Washington; and the parties expressly agree that, in the event

4       the Company or Employee should institute litigation concerning any claim of relief
        arising from or otherwise related to this agreement, jurisdiction of such claims shall be in

5       the courts of the state of Washington and venue shall be in Thurston County….

6  Dkt. 8, at 14; Dkt. 9, at 12.

7       Mr. Bernier and Mr. Sughroue signed their employment agreements in California.  They

8  both lived in California at the time.  Mr. Bernier's business contacts in Washington involved

9  attendance at occasional sales meetings at CH2O.  Dkt. 8, at 5.  Mr. Sughroue went to CH2O

10  headquarters in Olympia, Washington, for three to four days in 2009, and he attended one sales

11  meeting in Washington in May of 2010.  Dkt. 9, at 3.

12       Mr. Bernier and Mr. Sughroue stated in their declarations that they became dissatisfied

13  with CH2O.  Dkt. 8, at 6; Dkt. 9, at 4.  On January 25, 2011, Mr. Bernier and Mr. Sughroue

14  resigned their positions with CH2O.  Dkt. 8, at 6; Dkt. 9, at 4.  On January 26,  2011, Mr. Bernier

15  and Mr. Sughroue began to work for Meras Engineering.  Dkt. 8, at 6; Dkt. 9, at 4.  Meras

16  Engineering is in the water treatment industry, and is a competitor of CH2O.

17                              **PROCEDURAL HISTORY**

18       On January 26, 2011, Mr. Bernier, Mr. Sughroue, and Meras Engineering filed a lawsuit

19  in the United States District Court for the Northern District of California, *Meras Engineering v.*

20  *CH2O*, C11-00389LB ("the California case").  The California case is an action for declaratory

21  relief and unfair competition in connection with employment agreements "containing onerous

22  non-compete clauses which are void under California law. (Cal. Bus. & Prof. Code §16600.)"

23  Dkt. 7, at 22, First Amended Complaint for Declaratory Relief and Unfair Competition.

24  ORDER ON DEFENDANTS' MOTION TO
    DISMISS, STAY, OR IN THE ALTERNATIVE,
    TRANSFER VENUE AND JURISDICTION TO
    THE UNITED STATES DISTRICT COURT,
    NORTHERN DISTRICT OF CALIFORNIA- 3

1    On February 2, 2011, CH2O filed a complaint in the Superior Court of Washington, in

2  and for Thurston County, *CH2O v. Rich Bernier, Jane Doe Bernier, and Jay Sughroue*, Cause

3  No. 11-2-00323-7 ("the Washington case").   The complaint alleges claims for damages for

4  breach of employment contract, misappropriation of proprietary information and tortious

5  interference with a covenant not to compete.  Dkt. 1, at 4-9.

6    On February 24, 2011, the Washington case was removed to federal court, on the basis of

7  diversity of citizenship.  Dkt. 1.

8    **MOTION TO DISMISS, STAY OR TRANSFER VENUE**

9    On March 8, 2011, Mr. Bernier, Ms. Sandra Bernier, and Mr. Sughroue filed a motion,

10  requesting that the court dismiss, transfer, or stay this action , contending that (1) the California

11  action was filed in the Northern District of California before the Washington case was filed; (2)

12  Washington does not have personal jurisdiction over Mr. Bernier and Mr. Sughroue, who lived

13  and worked in California at the time relevant to the actions that form the basis of the Washington

14  case; (3) Ms. Bernier did not sign any agreements in California, and any community property

15  issues should be resolved in California; and (4) alternatively, the Washington case should be

16  transferred to the Northern District of California, for the convenience of parties and witnesses, in

17  the interest of justice.  Dkt. 6.

18    On April 4, 2011, CH2O filed a response to the motion, arguing that (1) the first filed rule

19  should not apply because the California action was an anticipatory suit for the purpose of forum

20  shopping; (2) the forum selection clause in the employment agreements is valid and enforceable;

21  (3) the case should not be transferred to the federal court in California because Mr. Bernier and

22  Mr. Sughroue consented to venue in Washington courts; (4) the parties' choice of Washington

23

24  ORDER ON DEFENDANTS' MOTION TO
DISMISS, STAY, OR IN THE ALTERNATIVE,
TRANSFER VENUE AND JURISDICTION TO
THE UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA- 4

1   law in the employment agreement should govern the issues in this case; and (5) CH2O does not

2   object to dismissal of Sandra Bernier from this lawsuit.  Dkt. 12.

3                                   **DISCUSSION**

4       **1.   First to File**

5       *Contentions of the Parties.*  Mr. Bernier, Ms. Bernier, and Mr. Sughroue request that the

6   court dismiss, stay, or transfer this case to the Northern District of California, because the

7   California case was filed before this Washington case.

8       *Legal Standard.*  When two cases involving the same parties and issues are filed in two

9   different federal districts, the first to file rule permits the second district court to exercise its

10  discretion to transfer, stay, or dismiss the second suit in the interests of efficiency and judicial

11  economy. *Cedars-Sinai Med. Ctr. v. Shalala,* 125 F.3d 765, 769 (9th Cir. 1997).  Application of

12  the first filed rule is discretionary, and will be reviewed for abuse of discretion.  *Alltrade, Inc. v.*

13  *Uniweld Products, Inc.*, 946 F.2d 622, 625 (9th Cir. 1991).

14      *Discussion.*  This case involves a forum selection clause in the employment agreement.

15  If that clause is valid, as discussed below, the Washington case was properly filed in Thurston

16  County Superior Court.  Dismissal of the case, or transfer of the case to the U.S. District Court

17  for the Northern District of California would, therefore, not be appropriate, even if the California

18  court might otherwise exercise jurisdiction over CH2O, under the law governing personal

19  jurisdiction.

20      **2.   Personal Jurisdiction over Mr. Bernier and Mr. Sughroue/Choice of Forum**

21      *Contentions of the Parties.*  Mr. Bernier and Mr. Sughroue contend that the Washington

22  court does not have personal jurisdiction over them because CH2O has purposely availed itself

23  of the privileges of transacting business in the State of California by entering into employment

24  ORDER ON DEFENDANTS' MOTION TO
    DISMISS, STAY, OR IN THE ALTERNATIVE,
    TRANSFER VENUE AND JURISDICTION TO
    THE UNITED STATES DISTRICT COURT,
    NORTHERN DISTRICT OF CALIFORNIA- 5

agreements that were signed in California; and by requiring that the duties to be performed under the contract be performed in California and directed at California residents.  Mr. Bernier and Mr. Sughroue contends that CH2O requires residents of California to enter into non-compete agreements that are illegal in California while enjoying income and protection of those non-compete clauses by Washington law.

*Legal Standard.*  It is plaintiff's burden to establish a *prima facie* case of personal jurisdiction by alleging facts that, if true, would support jurisdiction.  *Bancroft & Masters, Inv. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1085 (9th Cir. 2000).  When a district court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, the plaintiff need only make a *prima facie* showing of the jurisdictional facts to withstand the motion.  *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001).

Where jurisdiction is not controlled by a federal question, the district court applies the law of the state in which the district court sits to determine whether the plaintiff has met its burden.  *Schwarzenegger v. Fred Martin Motor Company*, 374 F.3d 797, 800 (9th Cir. 2004).  In Washington, the long-arm statute is co-extensive with the outer limits of due process.  *Cognigen Networks, Inc. v. Cognigen Corp.*, 174 F.Supp.2d 1134, 1137 (W.D. Wash. 2001).

*Discussion.*  Personal jurisdiction over Mr. Bernier and Mr. Sughroue centers on a forum selection clause in the employment agreements.  The employment agreements entered into between CH2O, Mr. Bernier, and Mr. Sughroue designated jurisdiction over an action concerning any claim for relief arising out of those agreements in the courts of the State of Washington, with venue in Thurston County Superior Court.

Parties may by contract designate a forum in which any litigation is to take place.  *See Banner Bank v. Superior Propane*, 2010 WL 2196598 *3 (E.D. Wash.). If the contract also

ORDER ON DEFENDANTS' MOTION TO
DISMISS, STAY, OR IN THE ALTERNATIVE,
TRANSFER VENUE AND JURISDICTION TO
THE UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA- 6

1  contains a choice of law provision, the forum selection clause is construed under the law

2  specified in the choice of law provision.  *Id*. (citing *Abbott Laboratories v. Takeda*

3  *Pharmaceutical Co. Ltd.*, 476 F.3d 421, 423 (7th Cir. 2007)).

4      The court has not yet determined whether Washington or California law governs the

5  issues in this case (see below for discussion on governing law).  The court will therefore analyze

6  the forum selection clause under both Washington and California law.

7      *Under Washington Law.*  Personal jurisdiction is a waivable right.  *Burger King Corp. v.*

8  *Rudzewicz*, 471 U.S. 462, 472 n. 14 (1985).  In Washington, forum selection clauses are

9  enforceable unless they are unreasonable and unjust.  *Kysar v. Lambert*, 76 Wn.App. 470, 484-85

10  (1995), *review denied*, 126 Wn.2d 1019 (1994).  Enforcement of such clauses serves the salutary

11  purpose of enhancing contractual predictability.  *Voicelink Data Serv. Inc. v. Datapulse*, *Inc.*, 86

12  Wn.App. 613, 617 (1997).  A party arguing that a forum selection clause is unfair or

13  unreasonable bears a heavy burden of showing that trial in the chosen forum would be so

14  inconvenient as to deprive the party of a meaningful day in court, and absent evidence of fraud,

15  undue influence, or unfair bargaining power, courts are reluctant to invalidate forum selection

16  clauses.  *Bank of America, N.A. v. Miller,* 108 Wn.App. 745, 748 (2001).   A choice of forum

17  clause constitutes consent to personal jurisdiction.  *Voicelink Data Serv. Inc. v.. Datapulse, Inc.*,

18  86 Wn.App. at 620.

19      The forum selection clause in the employment agreements confers jurisdiction for any

20  claim of relief arising from the employment agreement in the courts of Washington, and venue in

21  Thurston County.   Mr. Bernier and Mr. Sughroue have not shown that the forum selection

22  clause is unfair or unreasonable.  Accordingly, under Washington law, Mr. Bernier and Mr.

23  Sughroue have consented to jurisdiction in the courts of Washington.

24  ORDER ON DEFENDANTS' MOTION TO
DISMISS, STAY, OR IN THE ALTERNATIVE,
TRANSFER VENUE AND JURISDICTION TO
THE UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA- 7

1    *Under California Law.*  Under California law, where a clause in a contract contains

2    "express language of exclusivity of jurisdiction, specifying a mandatory location for litigation" it

3    will be deemed a "mandatory forum selection clause."  *Olinick v. BMG Entm't*, 138 Cal. App.

4    4th 1286, 1294 (2006).  A mandatory clause ordinarily is "given effect without any analysis of

5    convenience; the only question is whether enforcement of the clause would be unreasonable."

6    *Animal Farm, LLC, v. D.E.J. Productions, Inc.* 2011 WL 635867 *3 (Cal. App. 2 Dist.).  The

7    forum selection clause at issue confers jurisdiction for any claim of relief arising from the

8    employment agreement in the courts of Washington, and venue in Thurston County.  This is a

9    mandatory forum selection clause.  Defendants have not shown that the forum selection clause is

10   unfair or unreasonable.  Accordingly, under California law, the forum selection clause is valid.

11   *Conclusion.*  The forum selection clause at issue confers jurisdiction over claims arising

12   from the employment agreement in the courts of Washington, with venue in Thurston County.

13   This case was properly removed on the basis of diversity of citizenship.  Mr. Bernier and Mr.

14   Sughroue have consented to personal jurisdiction in the case before this court.

15   **3.   Personal Jurisdiction over Sandra Bernier**

16   Sandra Bernier requests that the court transfer this case to the U.S. District Court for the

17   Northern District of California because the Washington court does not have jurisdiction over her.

18   Ms. Bernier contends that she did not sign the contract, and that she lived in California at the

19   time of the events at issue in this case.

20   In order to satisfy the Constitutional requirements of due process, the defendant must

21   have at least minimum contacts with the relevant forum such that the exercise of jurisdiction

22   does not offend traditional notions of fair play and substantial justice.  *International Shoe Co. v.*

23   *Washington*, 326 U.S. 310 (1945).

24   ORDER ON DEFENDANTS' MOTION TO
     DISMISS, STAY, OR IN THE ALTERNATIVE,
     TRANSFER VENUE AND JURISDICTION TO
     THE UNITED STATES DISTRICT COURT,
     NORTHERN DISTRICT OF CALIFORNIA- 8

1        In its response, CH2O stated that it does not object to dismissal of Ms. Bernier.

2   Accordingly, in the absence of objection by defendants, the court should dismiss the claims made

3   in the Washington case against Ms. Bernier.

4        **4.   Transfer**

5        Mr. Bernier, Ms. Bernier, and Mr. Sughroue request that the court transfer this case to the

6   U.S. District Court for the Northern District of California, where the California case is pending.

7   These defendants contend that CH2O could have filed a cross-complaint in the California case

8   instead of filing a case in Washington.  Defendants argue that CH2O is licensed to do business in

9   California; the principals of CH2O have consistent and systematic contacts with California;

10  CH2O regularly employs California residents; the employment agreements were entered into and

11  performed in California; all of the alleged contractual breaches and tortuous conduct occurred in

12  California; all of the witnesses and critical documents are in California, including the customers

13  who are non-parties who cannot be compelled to travel to Washington.  Finally, defendants argue

14  that California courts are most familiar with the application of California law, which will apply

15  to this case.

16       The purpose of 28 U.S.C. § 1404(a) is to avoid the waste of time, energy, and money, and

17  to protect litigants, witnesses, and the public against unnecessary inconvenience and expense.

18  *Van Dusen v. Barrack*, 376 U.S. 612 (1964); *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947).  In

19  exercising the discretion whether to transfer an action, the court should consider the following

20  factors: (1) the interests of the litigants, including the interest of the plaintiff in being permitted

21  to chose the forum in which to litigate; (2) the relative ease of access to sources of proof; (3) the

22  availability of compulsory process for unwilling witnesses; (4) the costs of obtaining the

23  attendance of willing witnesses; (5) the possibility that the court will need to view the premises;

24  ORDER ON DEFENDANTS' MOTION TO
DISMISS, STAY, OR IN THE ALTERNATIVE,
TRANSFER VENUE AND JURISDICTION TO
THE UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA- 9

1    and (6) other practical problems, including the availability of judicial resources and the length of

2    time a case has been pending in the first forum.  *Id*. at 508; *Decker Coal Co. v. Commonwealth*

3    *Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

4         *Interests of the Litigants.*  In this case, the parties agreed that jurisdiction over claims

5    arising from the employment agreement would be in the courts of Washington, with venue in

6    Thurston County Superior Court.  It may be more difficult, and more expensive, for Mr. Bernier

7    and Mr. Sughroue to litigate the claims in Washington.  However, the parties agreed to do that in

8    the employment agreement.  The interests of the litigants weigh in favor of retaining the case in

9    this court.

10        Defendants argue that Meras Engineering is "one of the critical parties to this dispute."

11   Dkt. 6, at 13.  Defendants further argue that California is the only proper jurisdiction to fully

12   adjudicate all of the issues because Meras Engineering is only a party to the California action.

13   *Id.*  Meras Engineering may adjudicate its separate claims in California or may consent to the

14   jurisdiction of this court.  Accordingly, the interest of Meras Engineering does not weigh in favor

15   of transfer.

16        *Ease of Access of Sources of Proof.*  CH2O filed this case.  Even if all of the evidence

17   and documents related to the claims is located in California, CH2O is apparently willing to

18   shoulder the burden of obtaining access to that evidence.  The ease of access to evidentiary

19   materials weighs in favor of CH2O.

20        *Availability of Compulsory Process for Unwilling Witnesses.*  CH2O is apparently willing

21   to take the risk that it may be unable to compel unwilling witnesses to travel to Washington for

22   trial.  At this point, defendants have not shown that they would be unable to obtain witnesses

23   travel to Washington to testify on their behalf.  The cost related to travel for defendants'

24   ORDER ON DEFENDANTS' MOTION TO
     DISMISS, STAY, OR IN THE ALTERNATIVE,
     TRANSFER VENUE AND JURISDICTION TO
     THE UNITED STATES DISTRICT COURT,
     NORTHERN DISTRICT OF CALIFORNIA- 10

1   witnesses may fall on defendants, but those costs should have been anticipated in determining

2   whether to agree to the forum selection clause.  This factor only slightly weighs in favor of Mr.

3   Bernier and Mr. Sughroue.

4       *Costs of Obtaining Attendance of Willing Witnesses.*  The cost related to travel for

5   defendants' witnesses may fall on defendants, but those costs should have been anticipated in

6   determining whether to agree to the forum selection clause.  This factor only slightly weighs in

7   favor of Mr. Bernier and Mr. Sughroue.

8       *View of Premises.*  This factor does not appear to be an issue.

9       *Other Practical Problems.*  There are no other practical problems of which the court is

10  aware.

11      *California Law.*  Defendants contend that the case should be dismissed or transferred

12  because California law applies to this case.  Either the California federal court or this court is

13  capable of determining whether California or Washington law applies in this case, and either

14  court is capable of applying California or Washington law to the facts of this case.  This factor

15  does not weigh in favor of either CH2O or Mr. Bernier and Mr. Sughroue.

16      *Conclusion.*  In balancing the factors, it appears that the factors weigh in favor of this

17  court's retaining jurisdiction over this case, particularly in light of the forum selection clause in

18  the employment agreements.  Defendants' motion to transfer the case to the U.S. District Court

19  for the Northern District of California should be denied.

20      **5.  Application of Washington or California Law**

21      *Contentions of the Parties.*  Although the motion at hand was not titled to request a

22  decision from the court as to the choice of law to apply to this matter, the parties have

23  nonetheless briefed the issue fully.  At this time, the court will not decide whether the non-

24  ORDER ON DEFENDANTS' MOTION TO
    DISMISS, STAY, OR IN THE ALTERNATIVE,
    TRANSFER VENUE AND JURISDICTION TO
    THE UNITED STATES DISTRICT COURT,
    NORTHERN DISTRICT OF CALIFORNIA- 11

1  compete clauses are enforceable; however, the court will decide whether Washington law or

2  California law governs the employment agreements at issue.  The employment agreements

3  include choice-of-law provisions, in which the parties have agreed to have any disputes decided

4  by Washington law, and forum selection clauses through which the parties agreed to litigate

5  those disputes in the jurisdiction of Thurston County, Washington.  Mr. Bernier and Mr.

6  Sughroue contend that under the Restatement 2nd of Conflict of Laws, § 187(2)(b), California

7  law, rather than Washington law, should apply to this matter because (1) the choice of law

8  provision directly violations California public policy under Cal. Business and Professions Code §

9  16600; (2) California has a greater interested in these employment matters than Washington

10  does; and (3) absent a choice of law provision, California law would apply.  Dkt. 6.  CH2O

11  contends that Mr. Bernier and Ms. Sughroue's employment agreements do not fall within either

12  of the two exceptions that would allow California law to control over Washington law.  Dkt. 12,

13  at 14-15.

14      *Legal Standard.*  The choice of law question is normally determined by reference to the

15  choice of law rules of the state in which the district court sits.  *General Accident Ins. Co. v.*

16  *Namesnik*, 790 F.2d 1397, 1398 (9th Cir. 1986).  Under Washington law, when parties dispute

17  choice of law, there must be an actual conflict between the laws or interests of Washington and

18  that laws or interests of another state before the court will engage in a conflict-of-laws analysis.

19  *Carideo v. Dell, Inc.*, 706 F. Supp. 2d 1122, 1126 (W.D. Wash. 2010) (internal citation omitted).

20  Absent an actual conflict, Washington law applies.  *Id.*  Washington courts have adopted the

21  Restatement 2nd of Conflict of Laws in determining whether to apply the parties' selected

22  governing law.  *See Erwin v. Cotter Health Ctrs.*, 161 Wn.2d 676, 694-95 (2007).

23

24  ORDER ON DEFENDANTS' MOTION TO
    DISMISS, STAY, OR IN THE ALTERNATIVE,
    TRANSFER VENUE AND JURISDICTION TO
    THE UNITED STATES DISTRICT COURT,
    NORTHERN DISTRICT OF CALIFORNIA- 12

The Restatement 2nd of Conflict of Laws § 187 provides:

(1) The law of the state chosen by the parties to govern their
contractual rights and duties will be applied if the particular
issue is one which the parties could have resolved by an
explicit provision in their agreement directed to that issue.

(2) The law of the state chosen by the parties to govern their
contractual rights and duties will be applied, even if the
particular issue is one which the parties could not have
resolved by an explicit provision in their agreement directed to
that issue, unless either

(a) the chosen state has no substantial relationship to the
parties or the transaction and there is no other reasonable
basis for the parties' choice, or

(b) application of the law of the chosen state would be
contrary to a fundamental policy of a state which has a
materially greater interest than the chosen state in the
determination of the particular issue and which, under the
rule of § 188, would be the state of the applicable law in the
absence of an effective choice of law by the parties.

(3) In the absence of a contrary indication of intention, the
reference is to the local law of the state of the chosen law.

The parties agree that § 187(2)(b) is the exception at issue in deciding whether to apply

Washington law or California law to this matter.  *See* Dkt. 6, at 14-15; Dkt. 12, at 16.

Under the § 187(2)(b) exception, "'three questions are posed,' all of which must be

answered in the affirmative for the exception to apply."  *Erwin*, 161 Wn.2d at 696 (citing

*O'Brien v. Shearson Hayden Stone, Inc.*, 90 Wn.2d 680, 685 (1978)).  Applications of the

parties' chosen law must be "[(1)] contrary to a fundamental policy of a state [(2)] which has a

materially greater interest than the chosen state in the determination of the particular issue and

[(3)] which, under the rule of § 188, would be the state of the applicable law in absence of an

effective choice of law by the parties."  *Id.*   Therefore, under the facts presented here, the court

ORDER ON DEFENDANTS' MOTION TO
DISMISS, STAY, OR IN THE ALTERNATIVE,
TRANSFER VENUE AND JURISDICTION TO
THE UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA- 13

1    must determine (1) whether applying Washington's non-compete agreement law is contrary to

2    the public policy of California; (2) whether California has a materially greater interest than

3    Washington in the determination of the contract issue; and (3) whether, under the rule of § 188,

4    California would be the state of applicable law in the absence of an effective choice of law by the

5    parties.  Here, because the second question is not answered in the affirmative, the § 187(2)(b)

6    exception is not satisfied.

7        *Contrary to the Public Policy of California.*  It is not disputed that application of

8    Washington law would be fundamentally contrary to California's public policy, because

9    Washington allows non-compete agreements and California holds them void as against public

10   policy.  *See* Dkt. 12, at 17.  Therefore, the court turns to whether California has a materially

11   greater interest than Washington in determination of the contract issue.

12       *Washington's Interest in Determination of this Issue.*  Weighing the relative interests of

13   Washington and California in deciding the contract issue "does not involve merely counting the

14   contacts."  *Potlatch No 1 Fed. Credit Union v. Kennedy*, 76 Wn.2d 806, 810 (1969).  "[T]he

15   interested of a state in having its contract rule applied in the determination of a particular issue

16   will depend upon the purpose sought to be achieved by that rule and upon the relation of the state

17   to the transaction and the parties."  *Id.* (quoting Restatement 2nd of Conflict of Laws § 188 cmt. c

18   (Proposed Official Draft 1968)).

19       In *Erwin v. Cotter Health Ctrs.*, 161 Wn.2d 676 (2007), the Supreme Court of

20   Washington held that both California and Washington has a strong interest in protecting the

21   justifiable expectations of the contracting parties.  The court explained that "Generally speaking,

22   it would be unfair and improper to hold a person liable under the local law of one state when he

23   had justifiably molded his conduct to conform to the requirements of another state."  *Erwin*, 161

24   ORDER ON DEFENDANTS' MOTION TO
     DISMISS, STAY, OR IN THE ALTERNATIVE,
     TRANSFER VENUE AND JURISDICTION TO
     THE UNITED STATES DISTRICT COURT,
     NORTHERN DISTRICT OF CALIFORNIA- 14

1  Wn.2d at 699 (quoting Restatement 2nd of Conflict of Laws § 6 cmt. g).  Likewise,

2  "[p]redictability and uniformity of result are of particular importance in areas where the parties

3  are likely to give advance thought to the legal consequences of their transactions."  *Id.* (quoting

4  Restatement 2nd of Conflict of Laws § 6 cmt. i).  The court in *Erwin* found that Washington law

5  ought to apply in order to uphold the "justifiable expectations" of "a freely negotiated contract

6  between two highly experienced and successful business people who defined in advance the

7  terms of their business relationship and explicitly chose Washington law to govern any disputes."

8  *Id.*  Accordingly, Washington has a strong interest in upholding the justified expectations of the

9  parties to a contract as to their selected governing law.

10       Contrastingly, California has articulated a strong interest in voiding non-compete

11  agreements in employment contracts.  California Business and Professions Code § 16600, which

12  states that "every contract by which anyone is restrained from engaging in a lawful profession,

13  trade, or business of any kind is to that extent void," has been held by the California courts to

14  represent "a strong public policy."  *Scott v. Snelling & Snelling, Inc.*, 732 F. Supp. 1034, 1039-

15  104 (N.D. Cal. 1990).  Defendants cite *Scott v. Snelling & Snelling, Inc.*, 732 F. Supp. 1034,

16  1039-104 (N.D. Cal. 1990), for the proposition that this "strong public policy" consideration

17  "should override the choice of law provision in the contract at least with regard to the restrictive

18  covenant."  *Id.*  However, that case is distinguishable because the district court presiding over

19  that case sat in California and therefore applied the choice of law rules of California.  This court,

20  sitting in Washington, applies the choice of law rules of Washington to this matter.  Additionally,

21  defendants cite a decision from the Superior Court of the State of Washington in and for the

22  County of Thurston, Case No. 11-2-00067-0, which concluded that California has a materially

23  greater interest than Washington with regard to prohibiting these types of restrictions in

24  ORDER ON DEFENDANTS' MOTION TO
DISMISS, STAY, OR IN THE ALTERNATIVE,
TRANSFER VENUE AND JURISDICTION TO
THE UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA- 15

1  employment agreements.  This court does not concur with that analysis.  Comparing California

2  and Washington's interests in this matter, it cannot be said that California's interests materially

3  outweigh those of Washington.

4      *State of the Applicable Law in Absence of an Effective Choice of Law by the Parties.*

5  Under the rule of Restatement 2nd of Conflict of Laws § 188, California would not necessarily be

6  the state of applicable law in the absence of an effective choice of law by the parties.  However,

7  the court need not decide which state's law would apply in absence of an effective choice of law

8  by the parties because the second question was not answered in the affirmative and, therefore,

9  the § 187(2)(b) exception is not satisfied and Washington law should apply.

10      Accordingly, it is hereby **ORDERED** that defendants' Motion to Dismiss, Stay, or in the

11  Alternative, Transfer Venue and Jurisdiction to the United States District Court, Northern

12  District of California (Dkt. 6) is **GRANTED IN PART AND DENIED IN PART**.  The motion

13  is granted insofar as the claims against Sandra Bernier are **DISMISSED**.  The motion is

14  **DENIED** in all other respects.  Pursuant to the employment agreement, Washington law governs

15  the issues in this case.

16      The Clerk is directed to send uncertified copies of this Order to all counsel of record and

17  to any party appearing *pro se* at said party's last known address.

18      Dated this 18th day of April, 2011.

19

20

21  ROBERT J. BRYAN
    United States District Judge

22

23

24  ORDER ON DEFENDANTS' MOTION TO
DISMISS, STAY, OR IN THE ALTERNATIVE,
TRANSFER VENUE AND JURISDICTION TO
THE UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA- 16